Tracy **BOATWRIGHT, individually and as Indiana State Fire Marshal, and State of Indiana, Appellants–Defendants,**

v.

**CELEBRATION FIREWORKS, INC., Appellee–Plaintiff.**

No. 18A02–0305–CV–437.

Court of Appeals of Indiana.

June 25, 2004.

Rehearing Denied Aug. 5, 2004.

Nelson D. Alexander, Julia Blackwell Gelinas, Lucy R. Dollens, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellants.

Thomas W. Blessing, Stewart & Irwin, PC, Indianapolis, IN, Attorney for Appellee.

## OPINION

KIRSCH, Chief Judge.

Tracy Boatwright, individually and as Indiana State Fire Marshal (the "Fire Marshal") and the State of Indiana (collectively "State") appeal the trial court's decision in favor of Celebration Fireworks, Inc. ("Celebration"), raising the following issues for review:

I. Whether the trial court erred in issuing a judgment in favor of Celebration because Celebration failed to exhaust its administrative remedies prior to filing its action in court.

II. Whether Celebration's claims for monetary relief are barred by governmental immunity.

III. Whether the Fire Marshal's interpretation of the statutory certificate of compliance requirement is reasonable.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In Indiana, certain fireworks can be sold at the retail level, while others may only be sold wholesale. *See* IC 22–11–14–8. The latter ("restricted fireworks") may only be sold by wholesalers to retailers or other wholesalers, and the fireworks must be shipped out of Indiana within five days of the date of the sale. IC 22–11–14–4. IC 22–11–14–1 defines "wholesaler" as a person who purchases fireworks for resale to retailers. The Fire Marshal is charged with enforcing the fireworks statutes and regulations. *See, e.g.,* IC 22–11–14–5; IC 22–11–14–9 ("The state fire marshal is charged with the responsibility of enforcing this chapter."). One of these statutes, IC 22–11–14–5, requires wholesalers to submit to the Fire Marshal documentation with regard to the fireworks shipped into Indiana and an annual registration fee of $1,000. The statute provides:

> If upon inspection the state fire marshal finds that this chapter has been complied with, an annual certificate of compliance shall be issued to the manufacturer, wholesaler, importer, or distributor. An annual certificate of compliance expires December 31 of the year during which the certificate is issued. Each manufacturer, wholesaler, importer, or distributor must obtain a certificate of compliance. The certificate is not transferable, except that a retailer that offers the items for sale to the public is entitled to receive a

certified copy of the certificate from the manufacturer, wholesaler, importer, or distributor from which the retailer purchases the items. A certified copy of the certificate of compliance must be posted in each location where the items are offered for sale to the public. If upon inspection the state fire marshal finds that this chapter has not been complied with, the state fire marshal shall refuse to issue a certificate of compliance and state the reasons for the refusal. A copy of the order denying the issuance of a certificate of compliance and the reasons shall be forwarded to the manufacturer, wholesaler, importer, or distributor. The state fire marshal may revoke any certificate of compliance issued to any manufacturer, wholesaler, importer, or distributor if the holder of the certificate has violated this chapter.

The Fire Prevention and Building Safety Commission ("Commission") has enacted regulations to implement the statutory certificate of compliance and fee requirements. See IC 22–11–14–5; 675 IAC 12–9–7; 675 IAC 12–3–9. In enforcing IC 22–11–14–5, the Fire Marshal has interpreted it to require a wholesaler to file a certificate of compliance and pay the registration fee for each location from which wholesale sales of restricted fireworks are made.

Between 1991 and 1994, Celebration owned and operated half of the fireworks stores in Indiana. In 1991, Celebration had forty-five stores. By 1994, Celebration had ninety-six stores and sold restricted fireworks at each of them.

From 1991 to 1994, Celebration filed separate applications for certificates of compliance for each of its locations and paid a $1,000 fee for each site. In 1995, Celebration decided to file one certificate of compliance and paid one $1,000 fee despite the fact that it operated over 100 locations. That same year, the Fire Marshal issued a memorandum that once again explained its interpretation of the certificate requirement and stated that in order to obtain a 1995 certificate of compliance, the wholesaler would be required to submit an application and pay the fee for each location at which it wished to possess or sell restricted fireworks.

Without bringing its claim before the Commission, Celebration filed a complaint in the Delaware Circuit Court challenging the Fire Marshal's interpretation of the requirement and requesting a refund of excess fees paid. In response, the Fire Marshal suspended enforcement of the requirement that wholesalers obtain a separate certificate for each location.

The State filed a motion to dismiss Celebration's complaint based on its failure to exhaust the administrative remedies available to it. The trial court granted the motion to dismiss without prejudice, and Celebration thereafter filed an amended complaint. In its amended complaint, Celebration set out four counts: an equitable action for money had and received; a claim for quasi-contract; a claim for permanent injunctive relief; and a claim for declaratory judgment.

On July 28, 1995, the State filed a motion for summary judgment, which the trial court denied. In June 1996, Celebration filed a motion for a temporary restraining order without notice and for a preliminary injunction. After a hearing with both parties present, the trial court issued a preliminary injunction against the Fire Marshal preventing the confiscation of any fireworks for a failure to obtain a certificate of compliance for each location from which restricted fireworks were sold. The State appealed the trial court's decision, and this court reversed the preliminary injunction granted by the trial court. *See*

*Boatwright v. Celebration Fireworks, Inc.,* 677 N.E.2d 1094 (Ind.Ct.App.1997).

Subsequently, the Fire Marshal moved and received summary judgment on Celebration's third and fourth claims. After a bench trial in January 2003, the trial court entered judgment for Celebration on its claims for money had and received and quasi-contract. The State now appeals.

## DISCUSSION AND DECISION

The Fire Marshal first contends that the trial court erred in issuing a judgment in favor of Celebration because Celebration failed to exhaust its administrative remedies prior to filing its action in court. The Fire Marshal contends that Celebration should have challenged the requirement of separate certificates of compliance for each location under the Indiana Administrative Orders and Procedures Act ("AOPA") prior to filing its action in court.

■■■ A claimant with an available administrative remedy must pursue that remedy before being allowed access to the courts. *Riley v. Heritage Prods., Inc.,* 803 N.E.2d 1185, 1188 (Ind.Ct.App.2004). If a party fails to exhaust administrative remedies, the trial court lacks subject matter jurisdiction. *Id.* By requiring a party to first pursue all available administrative remedies before allowing access to the courts, premature litigation may be avoided, an adequate record for judicial review may be compiled, and agencies retain the opportunity and autonomy to correct their own errors. *Id.*

■■■ The Fire Marshal contends that its actions are reviewable under the AOPA. IC 4–21.5–5–4 states that a person may file a petition for judicial review only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review. IC 22–12–7–1 provides that IC 4–21.5 (the AOPA) applies to every officer, employee, or agent of the fire and building services department whenever that person has the authority to enforce a law. Further, 675 IAC 12–9–9 provides that any order granting or denying a permit or certificate must be issued by the Fire Marshal in accordance with the AOPA. If a petition for review is granted, the review proceeding shall be conducted by the Commission. 675 IAC 12–9–9. The Fire Marshal argues that because Celebration failed to exhaust its administrative remedies, the trial court lacked subject matter jurisdiction over the case.

Celebration concedes that it did not seek an administrative remedy before filing its court action but argues that it was not required to exhaust its administrative remedies because it was challenging the Fire Marshal's action as ultra vires and void. It contends that its "challenges to the Fire Marshal's authority to require wholesalers to obtain separate Certificates of Compliance for each of its wholesale fireworks locations raise pure questions of law and thus are subject to a court's—not an agency's—review." *Appellee's Brief* at 12. Accordingly, it maintains that its claims were properly pursued in the trial court and not through administrative adjudication.

■■■ A party need not comply with the exhaustion requirement when the remedy is inadequate or would be futile, or when some equitable consideration precludes application of the rule. *Abner v. Dep't of Health of State of Ind. ex rel. Ind. Soldiers' & Sailors' Children's Home,* 777 N.E.2d 778, 783 (Ind.Ct.App.2002), *trans. denied* (2003). To prevail upon a claim of futility, the party must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances. *Id.* Further, the

requirement of exhaustion of administrative remedies is eased when there is grave doubt as to the availability of the administrative remedy. *Id.* Moreover, exhaustion of administrative remedies is not required if a statute is void on its face, and it may not be appropriate if an agency's action is challenged as being ultra vires and void. *Indiana Dep't of Envtl. Mgmt. v. Twin Eagle LLC,* 798 N.E.2d 839, 844 (Ind. 2003).

In *Twin Eagle,* 798 N.E.2d at 844, a developer challenged the validity of a process that affected its ability to discharge dredged and fill materials on its property. It claimed that the Indiana Department of Environmental Management ("IDEM") did not have the authority to regulate its actions. Our supreme court explained that because the validity of the interim process, not merely its ultimate outcome, was one of the major issues in the case, exhaustion of administrative remedies was not required. It noted that the plaintiff's claim, if valid, would obviate the need to go through the administrative process. The court explained that the central issue was whether IDEM did or did not have the legislative authority to regulate introduction of dredged and fill materials into certain bodies of water, and that this determination required statutory construction, a pure question of law. Accordingly, the court concluded that the claim was properly brought to the trial court and that the plaintiff was not required to first seek an administrative remedy. *Id.* at 843–45.

Similarly, here, the issue involved is a question of statutory construction, a pure question of law. The central issue is whether the Fire Marshal has the authority to impose a $1,000 fee and certificate of compliance requirement for each location from which restricted fireworks are sold. Thus, exhaustion of remedies is not required here.

Even if this were not the case, exhaustion of remedies is not required here because compliance would be futile, and there is doubt as to the availability of an administrative remedy. The Fire Marshal ignored requests to voluntarily change its policy interpreting the statute. Moreover, there is no evidence in the record before us of any formal mechanism in place for review of the Fire Marshal's policies of general applicability. The trial court did not err in exercising subject matter jurisdiction over Celebration's claims.

■ The Fire Marshal next argues that Celebration's claims for monetary relief are barred by governmental immunity. Celebration claimed that it was entitled to a refund of its registration fees based on implied contract theories. However, the Fire Marshal argues "a license is not a contractual agreement with the State, and the State has retained its sovereign immunity against claims challenging its enforcement of statutes and regulations and its grant or denial of licenses." *Appellants' Brief* at 16.

IC 34–13–3–3(8) and (11) provide that a governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment, or if a loss results from the issuance, denial, suspension, or revocation of, or failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval, order, or similar authorization, where the authority is discretionary under the law.

However, IC 34–13–3 applies only to a claim or suit in tort. IC 34–13–3–1. By contrast, Celebration's claims arise under equity and quasi-contract theories. More-

over, it is not seeking reimbursement for losses from the grant or denial of licenses, but simply the return of moneys paid pursuant to the unlawful collection of fees. Because Celebration's suit seeks to recoup monies unlawfully exacted, governmental immunity does not apply. *See, e.g., Indiana Revenue Bd. v. State ex rel. Bd. of Comm'rs of Hendricks County,* 270 Ind. 365, 369, 385 N.E.2d 1131, 1134 (1979) (noting rejection of claim of governmental immunity and trial court's decision against State to award counties share of inheritance tax collected by State).

Finally, the Fire Marshal maintains that the trial court erred in ordering judgment in favor of Celebration because his interpretation of the certificate of compliance requirement is reasonable. He contends that Celebration's interpretation, adopted by the trial court, unnecessarily singles out a single word in the statute and ignores the legislative intent to reduce the number of children and adults injured by fireworks and to eliminate the sale of illegal fireworks to the general public. Because it is the agency charged with interpreting the statute, the Fire Marshal contends that its interpretation is entitled to great weight, particularly because its interpretation is a reasonable one that furthers legislative goals.

We agree with the trial court that the language of the statute is clear and unambiguous: it states that "[e]ach manufacturer, wholesaler, importer, or distributor must obtain a certificate of compliance." IC 22–11–14–5 (emphasis added). This language indicates that the legislature intended each wholesaler to obtain a single certificate of compliance. The statute also imposes the requirement that a *copy* of this certificate be posted in each location where restricted fireworks are offered for sale to the public. *Id.* This requirement shows that each location need not have its own certificate of compliance, but must display a copy of the single certificate that applies to the wholesaling entity. This language clearly evidences the intent of the legislature. By comparison, IC 22–11–14–7 provides for the issuance of permits for stands selling retail fireworks. That statute contemplates permits for each location, and establishes a schedule of charges related to the number of stands a retailer operates. The legislature could provide for a scheme requiring a certificate for each wholesale location, as it has for retail locations, if it intended to do so. Clearly, it did not intend to require a wholesaler to obtain a certificate of compliance for each wholesale location. The trial court did not err in entering judgment in favor of Celebration.

Affirmed.

NAJAM, J., and RILEY, J., concur.