ATTORNEYS FOR APPELLANT
Nelson D. Alexander
Julia Blackwell Gelinas
Lucy R. Dollens
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Thomas W. Blessing
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 18S02-0501-CV-4

ROGER JOHNSON, INDIVIDUALLY AND AS
INDIANA STATE FIRE MARSHAL, AND
STATE OF INDIANA,

*Appellants (Defendants below)*,

v.

CELEBRATION FIREWORKS, INC.,

*Appellee (Plaintiff below)*.

Appeal from the Delaware Circuit Court No. 3, No. 18D01-9501-CP-06
The Honorable Robert L. Barnet, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 18A02-0305-CV-437

**June 30, 2005**

**Sullivan, Justice.**

Celebration Fireworks, Inc., filed suit against the State Fire Marshal to prevent collection of certain fees imposed on sellers of fireworks in Indiana. Celebration did not first appeal the assessment of these fees to the appropriate state agency before going to court. Indiana law required Celebration to do so, and because Celebration did not first exhaust its administrative remedies, the trial court had no subject matter jurisdiction to hear Celebration's lawsuit.

**Background**

In Indiana, fireworks may be sold under specific circumstances depending upon their classification. Fireworks designated as legal for sale by statute ("legal fireworks") may be sold at retail to the general public. Ind. Code § 22-11-14-8 (2004). All fireworks not designated by statute as legal for sale at retail ("restricted fireworks") may be sold only at wholesale to retailers or other wholesalers who must then ship the restricted fireworks out of Indiana within five days of the date of sale. Ind. Code § 22-11-14-10 (2004).

The Indiana State Fire Marshal has been given the statutory authority to enforce the above provisions. Ind. Code § 22-11-14-9 (2004). In regulating the sale of both legal and restricted fireworks, the Fire Marshal is charged with issuing retail sales permits and wholesale Certificates of Compliance. Ind. Code §§ 22-11-14-7, -5 (2004). Pursuant to Indiana Code Section 22-11-14-5, a wholesaler of restricted fireworks must pay a $1,000 annual fee to operate in Indiana. The Fire Marshal has consistently interpreted this provision to require payment of the $1,000 fee for each wholesale location a fireworks wholesaler operates within the state.

Between 1991 and 1994, Celebration's operations expanded from 45 locations to 96. During these years, Celebration complied with the Fire Marshal's requirement that it obtain a Certificate of Compliance for each separate location. In 1995, however, Celebration tendered only one application and fee for its central warehouse. Celebration then, and without seeking administrative review, filed a complaint in the trial court against the Fire Marshal and the State, asserting that, contrary to the Fire Marshal's interpretation, Indiana Code Section 22-11-14-5 only required that it obtain one Certificate of Compliance for all its wholesale locations and seeking a refund of what it considered excess fees it paid in previous years.

Celebration's complaint contained four counts: (1) an equitable action for money had and received; (2) a claim for quasi-contract; (3) a claim for permanent injunctive relief; and (4) a claim for declaratory judgment.

The trial court issued a temporary restraining order enjoining the Fire Marshal from seizing any fireworks on the basis of Celebration's failure to obtain Certificates of Compliance for each of its locations where restricted fireworks were sold. The State appealed the injunction, which the Court of Appeals reversed. See Boatwright v. Celebration Fireworks, Inc., 677 N.E.2d 1094 (Ind. Ct. App. 1997). The Court of Appeals remanded the case for a resolution of its remaining issues.

On remand, the Fire Marshal moved for and received summary judgment on counts (3) and (4) of Celebration's complaint. However, after a bench trial on counts (1) and (2), the trial court entered judgment in favor of Celebration for $302,000. The Fire Marshal and the State appealed the trial court's judgment, arguing that the trial court had had no subject matter jurisdiction over the matter because Celebration had failed to exhaust its administrative remedies. The Court of Appeals affirmed the judgment, holding on the issue of exhaustion that "exhaustion of remedies is not required [in this case] because compliance would be futile, and there is doubt as to the availability of an administrative remedy." Boatwright v. Celebration Fireworks, Inc., 810 N.E.2d 766, 771 (Ind. Ct. App. 2004). The State sought, and we granted, transfer. 2005 LEXIS 5 (Ind. Jan. 5, 2005).

**Discussion**

**I**

In addition to his authority to issue fireworks permits and Certificates of Compliance, the Fire Marshal also has discretionary authority in granting or denying these permits and certificates. See Ind. Admin. Code tit. 675, r. 12-9-9 (2004). Applicants wishing to challenge a decision of the Fire Marshal either granting or denying a permit or certificate have been afforded an administrative remedy to do so. Petitioners may seek review of a decision of the Fire Marshal granting or denying a permit or certificate through an administrative proceeding conducted by the Fire Prevention and Building Safety Commission ("Commission"). Id. Administrative proceedings conducted by the Commission are subject to the provisions of the Administrative Orders and Procedures Act ("AOPA"). See Ind. Code §§ 22-12-7-1 to -2 (2004) (instructing that

3

the AOPA applies to the Commission, its employees, and all employees and agents with the authority to administer or enforce a law).

Under the AOPA, "[a] person may file a petition for judicial review . . . only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review." Ind. Code § 4-21.5-5-4(a) (2004). In accordance with the AOPA "[w]e have repeatedly emphasized the value of completing administrative proceedings before resorting to judicial review." Ind. Dept. Envtl. Mgmt. v. Twin Eagle LLC, 798 N.E.2d 839, 844 (Ind. 2003). See also Town Council of New Harmony v. Parker, 726 N.E.2d 1217, 1224 (Ind. 2000) (noting "[i]t is well established that, if an administrative remedy is available, it must be pursued before a claimant is allowed access to the courts."); Austin Lakes Joint Venture v. Avon Utils. Inc., 648 N.E.2d 641, 644 (Ind. 1995) (same).

We have found that the exhaustion doctrine is supported by "strong policy reasons and considerations of judicial economy. . . ." Austin Lakes Joint Venture, 648 N.E.2d at 644. Most notably:

> The exhaustion doctrine is intended to defer judicial review until controversies have been channeled through the complete administrative process. The exhaustion requirement serves to avoid collateral, dilatory action . . . and to ensure the efficient, uninterrupted progression of administrative proceedings and the effective application of judicial review. It provides an agency with an opportunity "to correct its own errors, to afford the parties and the courts the benefit of [the agency's] experience and expertise, and to compile a [factual] record which is adequate for judicial review."

Id. (quoting Weinberger v. Salfi, 422 U.S. 749, 765 (1975)). We have also concluded that even where "the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." Twin Eagle, 798 N.E.2d at 844. Thus, while we avoid applying the doctrine in a mechanical fashion, we recognize its strong policy rationale and adhere to it closely.

4

Celebration has conceded that it failed to exhaust all its administrative remedies prior to seeking judicial review. It asserts, however, that exhaustion was not necessary in this instance because it challenged the Fire Marshal's action requiring a wholesaler to obtain separate Certificates of Compliance for each of its wholesale locations as ultra vires and void. Celebration cites our decision in Ind. Dept. Envtl. Mgmt. v. Twin Eagle LLC, to support its position. The Court of Appeals also relied heavily on Twin Eagle in finding that Celebration was not required to exhaust its administrative remedies prior to seeking judicial review. Celebration's and the Court of Appeals' reliance on Twin Eagle is misplaced for the following reasons.

Twin Eagle was a declaratory judgment action brought by a real estate developer against the Indiana Department of Environmental Management challenging some interim regulations governing wetlands' development that the agency had promulgated following a decision by the United States Supreme Court[1] stating that the development and use of certain wetlands could not be constitutionally regulated by Congress. See Twin Eagle, 798 N.E.2d at 841-42. The developer in Twin Eagle apparently feared that the agency would apply the interim regulations to its project and sought various declarations of law as to the agency's authority to regulate in this area and, if it had authority, the validity of the interim regulations. Id. at 844.

We found that exhaustion of administrative remedies in Twin Eagle was unnecessary "[t]o the extent the issue turns on statutory construction, [and] whether an agency possesses jurisdiction over a matter [as that] is a question of law for the courts." Id. It was in this context that we concluded that exhaustion of administrative remedies "may not be appropriate if an agency's action is challenged as being ultra vires and void," id., or otherwise beyond the scope of the agency's authority.

This case differs from Twin Eagle in material respect. Unlike the state agency in Twin Eagle, there is absolutely no question in the present case of the Fire Marshal's legal authority to license fireworks wholesalers; the question here is at most a mixed question of law and fact—

---

[1] Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs, 531 U.S. 159 (2001).

and, quite likely in our view, a pure question of fact—as to whether each of the individual outlets selling fireworks is itself a wholesaler. The Court of Appeals was incorrect to hold that the Fire Marshal's authority is a question of statutory construction (a pure question of law), relieving Celebration from exhausting its administrative remedies. We find this to be a question of fact properly resolved through the administrative process. See id. at 845.

In addition, while the Court of Appeals correctly observed that we said in Twin Eagle, "the plaintiff's claim, if valid, would obviate the need to go through the administrative process," Id. at 844, that statement standing alone does not provide a basis for avoiding administrative review. It simply was a description of the Twin Eagle litigation.

### III

The Court of Appeals also found that exhaustion was unnecessary in the present case because it would have been "futile" for Celebration to resort to the administrative process. Celebration Fireworks, 810 N.E.2d at 771. The court reached this conclusion on the basis that "[t]he Fire Marshal ignored requests to voluntarily change its policy interpreting the statute." Id. We disagree.

While "exhaustion of administrative remedies may be excused if the exercise would be futile," M-Plan, Inc., v. Ind. Comprehensive Health Ins. Ass'n, 809 N.E.2d 834, 839 (Ind. 2004), "the exhaustion requirement . . . should not be dispensed with lightly on grounds of 'futility.'" Town Council of New Harmony, 726 N.E.2d at 1224. To prevail upon a claim of futility, "one must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances." M-Plan, 809 N.E.2d at 840.

Celebration does not contend that the agency was "powerless" to provide relief but rather appears to invoke the "impossibility" prong of the futility test, arguing there is no "formal mechanism in place for the review of the Fire Marshal's policies of general applicability." Celebration Fireworks, 810 N.E.2d at 771. But the "exhaustion requirement is much more than a

procedural hoop" that can be lightly dispensed with on grounds of "futility." <u>Town Council of New Harmony</u>, 726 N.E.2d at 1224. And in fact, the agency here affirmatively argues that it has procedures for administrative review of Celebration's claims. The law requires Celebration to invoke these procedures before seeking judicial review.

The principal thrust of Celebration's futility argument actually seems to be that it believes it to be inevitable that the agency would rule against it. That may be so; Celebration's legal argument seems to us unlikely to prevail. But the mere fact than an administrative agency might refuse to provide the relief requested does not amount to futility. <u>Spencer v. State</u>, 520 N.E.2d 106, 110 (Ind. Ct. App. 1988), <u>trans. denied</u>. And even if Celebration is unsuccessful in an administrative challenge, resort to the Commission may produce a reasoned explanation of the considerations going into the Fire Marshal's position. <u>M-Plan, Inc.</u>, 809 N.E.2d at 839-40. That in itself would be of value before resort to the courts to resolve such an issue. <u>Id.</u> (citing <u>Turner v. City of Evansville</u>, 740 N.E.2d 860, 862 (Ind. 2001) (noting one of the benefits of exhaustion of administrative remedies is that a record for judicial review may be created)).

## Conclusion

Failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction. <u>Town Council of New Harmony</u>, 726 N.E.2d at 1224 (citing <u>Greenbrier Hills, Inc. v Boes</u>, 473 N.E.2d 1040, 1042 (Ind. Ct. App. 1985). That is the situation here. Having previously granted transfer, we now reverse the trial court's judgment. We remand this matter to the trial court with instructions to dismiss Celebration's complaint for lack of subject matter jurisdiction.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.