**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICKEY J. LEE**
Stewart & Irwin, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED

Nov 07 2012, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

BRIAN GALE WATERS,                )
                                  )
    Appellant-Plaintiff,          )
                                  )
        vs.                       )     No. 49A02-1112-MI-1165
                                  )
INDIANA REAL ESTATE COMMISSION et. al,  )
                                  )
    Appellees-Respondents.        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore J. Sosin, Judge
Cause No. 49D02-0906-MI-30120

**November 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Brian G. Waters appeals the denial of his motion for summary judgment. Waters presents multiple issues for our review, but we find the trial court lacked subject matter jurisdiction because Waters did not exhaust his administrative remedies before seeking judicial review.

## FACTS AND PROCEDURAL HISTORY

Waters is an Indiana licensed real estate broker and the principal broker of Mentor Listing Realty, Inc. In 2007, the Indiana Real Estate Commission (IREC) received a consumer complaint alleging Waters: 1) violated 876 IAC 1-1-24 (the "Closing Attendance Rule") when he did not appear at closing; 2) violated Ind. Code § 25-1-11-5(a)(4)(A) (prohibiting continued real estate practice when practitioner is unfit due to professional incompetence); and 3) violated Ind. Code § 25-34.1-10-9.5(b)(1)-(3) (addressing failure to perform minimum required duties of real estate professional). After a hearing, IREC placed Waters' real estate license on indefinite probation, but provided Waters could petition for termination of probation after 180 days.

On June 25, 2009, Waters filed a petition for judicial review of IREC's decision. On February 5, 2010, the trial court affirmed IREC's decision.

On August 24, 2010, the Attorney General's office asked IREC to hold a hearing, during which Waters would be required to show cause why he should not be subject to further sanctions because he did not attend four closings in 2010. IREC scheduled a hearing for December 15, 2010, but on December 9, Waters filed a complaint and motion for preliminary injunction with the Marion Superior Court, challenging the Closing Attendance

Rule as unconstitutional. On December 10, the trial court issued a Temporary Restraining Order, which stayed the IREC proceedings. On December 14, Waters filed for consolidation of the 2009 judicial review cause and the constitutional cause, and the trial court granted his request on December 20. Also on December 20, the trial court lifted the Temporary Restraining Order.

On January 31, 2011, IREC filed a motion to dismiss Waters' complaint. On February 16, the trial court held a hearing on IREC's motion to dismiss and Waters' motion for preliminary injunction. On February 28, Waters moved for summary judgment, and on April 4, IREC responded. On April 11, the trial court dismissed Waters' complaint for injunctive relief and denied Waters' motion for preliminary injunction.

On December 2, the trial court granted summary judgment for IREC. Waters filed a motion to reconsider on December 7, and the trial court denied that motion on December 9, 2011.

## DISCUSSION AND DECISION

Judicial review of administrative actions is governed by the Administrative Orders and Procedures Act (AOPA), Ind. Code ch.4-21.5-5 when, as here, an administrative remedy is available, those remedies must be pursued and exhausted before a court may obtain subject matter jurisdiction over the issues. *LHT Capital, LLC v. Indiana Horse Racing Comm'n*, 891 N.E.2d 646, 652 (Ind. Ct. App. 2008). Exhaustion of administrative remedies "provides an agency with an opportunity to correct its own errors, to afford the parties and the courts the benefit of [the agency's] experience and expertise, and to compile a record which is adequate

3

for judicial review." *Johnson v. Celebration Fireworks, Inc*., 829 N.E.2d 979, 982 (Ind. 2005). The circumstances under which a party may bypass administrative remedies are narrow, and apply when a party has shown the administrative agency cannot provide a remedy or when exhaustion would be impossible under the circumstances. *LHT Capital*, 891 N.E.2d at 654. The "fact that an administrative agency might refuse to provide the relief requested does not amount to futility." *Johnson*, 829 N.E.2d at 984.

Exhaustion is required even if a party raises constitutional claims, as the agency might resolve the case on other grounds without confronting the constitutional issues. *Id*. at 982. The presentation of constitutional claims does not automatically preclude an administrative remedy. *State ex rel. Basham v. Medical Licensing Bd. Of Ind*., 451 N.E.2d 691, 696 (Ind. Ct. App. 1983), *reh'g denied*.

Waters argues the facts of the instant case are akin to those in *Ind. Dep't of Envtl. Mgmt. (IDEM) v. Twin Eagle, LLC*, 798 N.E.2d 839, 844 (Ind. 2003), and *Austin Lakes Joint Venture v. Avon Utils., Inc*., 648 N.E.2d 641, 644 (Ind. 1995). Both decisions are distinguishable.

In *Twin Eagle*, our Indiana Supreme Court held Twin Eagle was not required to exhaust its administrative remedies before seeking judicial review because "at least the first two of these issues [brought by Twin Eagle] turn on issues of law." *Twin Eagle*, 798 N.E.2d at 844. That Court noted there were certain factual issues, specifically whether the waters IDEM sought to regulate were within its regulatory reach, that must be reviewed at the administrative level; the legal issues properly brought before the trial court were based on

4

IDEM's jurisdiction to regulate, not the regulations as codified.

Our Indiana Supreme Court again held in *Austin Lakes* the exhaustion of administrative remedies was not required. There, the action brought before the trial court did not name the administrative agency as a party; instead the issue of exhaustion of administrative remedies was used as an affirmative defense by Avon Utilities as part of the breach of contract action by Austin Lakes. Judicial determination was appropriate because the claim was not one alleging error by the administrative agency; it was a claim of breach of a contractual obligation. *Austin Lakes*, 648 N.E.2d at 649.

In the instant case, IREC filed an action at the administrative agency level for Waters to show cause why he should not be sanctioned for failing to attend real estate closings pursuant to the Closing Attendance Rule. After being granted two continuances and denied a third, Waters filed a complaint and motion for preliminary injunction in the Marion Superior Court. There is nothing in the record to indicate Waters argued before IREC the Closing Attendance Rule was unconstitutional, and therefore IREC was not given the opportunity to consider Waters' challenge to its show cause action.

For these reasons, we conclude Waters has not demonstrated the IREC was unable to provide a remedy to Waters by addressing the underlying factual issues of the case in lieu of deciding the constitutional issues he presented, Waters did not exhaust his administrative remedies, and the trial court did not have subject matter jurisdiction. Accordingly, we reverse and remand this matter to the trial court with instructions to dismiss Waters' complaint for lack of subject matter jurisdiction.

5

Reversed and remanded for proceedings consistent with this opinion.

NAJAM, J., and KIRSCH, J., concur.