**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**GEORGE SISTEVARIS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
**DAVID L. STEINER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| INDIANA AUTOMOBILE WHOLESALERS ASSOCIATION, INC., NATIONAL DEALER LICENSE, LLC and AUTO ACCEPTANCE GROUP, LLC, | ) ) ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 02A03-1404-PL-119 |
| CAROL MIHALIK, COMMISSIONER, SECURITIES DIVISION OF THE INDIANA SECRETARY OF STATE, ELIZABETH MURPHY, DIRECTOR, DEALER SERVICES DIVISION OF THE INDIANA SECRETARY OF STATE, CONNIE LAWSON, INDIANA SECRE-TARY OF STATE, | ) ) ) ) ) ) ) ) | |
| Appellees-Defendants. | ) | |

**December 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Indiana Automobile Wholesalers Association, Inc., ("IAWA"), National Dealer License, LLC, ("NDL"), and Auto Acceptance Group, LLC, ("AAG") (collectively, "the Appellants") appeal the dismissal of their complaint for declaratory judgment and injunctive relief against Carol Mihalik, Commissioner of the Securities Division of the Indiana Secretary of State, Elizabeth Murphy, Director of the Dealer Services Division of the Indiana Secretary of State, and Connie Lawson, Secretary of State, (collectively, "Secretary of State"). We affirm.

## Issues

The Appellants raise one issue, which we restate as:

    I.     whether AAG exhausted its administrative remedies; and

    II.    whether IAWA and NDL have standing to pursue a declaratory judgment action.

## Facts

IAWA is a trade association that represents more than 200 actively-licensed automobile wholesale vehicle dealers in Indiana, and it is authorized to sue on behalf of

its members.[1] NDL is in the business of leasing space to licensed wholesale dealers and, beginning in 2009, rented office space in Fort Wayne and provided administrative services to approximately 200 Indiana wholesale dealers. As a result of increased wholesale dealer license revocations by the Secretary of State, who oversees the licensure and administration of wholesale dealer licenses, a number of NDL's tenants breached their contracts with NDL, and NDL stopped operating its rental business. AAG was a licensed wholesale dealer until September 5, 2013, when its license was revoked by the Secretary of State for its failure to maintain an established place of business and for failing to meet minimum sales requirements. AAG did not appeal the revocation of its license but would like to apply for a new license in the future.

On February 13, 2014, the Appellants filed a complaint against the Secretary of State seeking a declaratory judgment and injunctive relief. The complaint raised several constitutional challenges to the administration of Senate Enrolled Act No. 537 ("the Act"), which created an article regulating dealer services and requiring the Secretary of State to administer and enforce the new legislation and to adopt emergency rules and permanent rules to carry out her duties under the article. See Ind. Code §§ 9-32-3-2, 9-32-3-1. The amended complaint included the following legal claims:[2]

> 62. Key provisions of [the Act], the relevant sections of the administrative code, and the Emergency Order are not in accordance with law and are void.

[1] "Wholesale dealer" is defined as "a person who is engaged in the business of buying or selling motor vehicles for resale to other dealers, wholesale dealers, transfer dealers, or persons other than the general public." Ind. Code § 9-32-2-28.

[2] During the proceedings, the Appellants filed two amended complaints.

3

63.     The Office of the Secretary of State, in enacting the Emergency Order, ostensibly effective as of September 13, 2013, failed to follow the dictates of I.C. 9-32-3-1, and I.C. 4-22-37.1, in that it failed to give proper notice and solicitation of public comments prior to enactment of the law.  The Emergency Rules were not properly promulgated and are void ab initio.

64.     The application and enforcement of [the Act], the relevant sections of the administrative code, and the Emergency Order, in relation to wholesale dealers, by the Secretary, the Commissioner and the Director are arbitrary, capricious and an abuse of discretion.

65.  Key provisions of [the Act], the relevant sections of the administrative code, and Emergency order, and the administration and enforcement of the laws and regulations by the Secretary, Commissioner and Director violate the constitutional rights of due process for wholesale dealers under the Fifth Amendment to the United States Constitution. In particular, and not by way of limitation, the Secretary, Commissioner and Director immediately, and without the opportunity to be heard, deny applications pending an appeal, and shut down the operations of a going concern, causing financial loss, personal hardship and extreme burden on wholesale dealers.

66.  Key provisions of [the Act], the relevant sections of the administrative code, and Emergency order, and the administration and enforcement of the laws and regulations by the Secretary, Commissioner and Director, violate the prohibition of ex post facto laws, which prohibitions are enumerated in Article I, Section 24, of the Indiana Constitution, and clause 3 of Article I, Section 9 of the United States Constitution. . . .

67.     Key provisions of [the Act], the relevant sections of the administrative code, and Emergency order, and the administration and enforcement of the laws and regulations by the Secretary, Commissioner and Director, violate the contract clause of the Indiana Constitution, Art. 1, Sect. 14, which prohibits laws impairing contracts.

4

68. Key provisions of [the Act], the relevant sections of the administrative code, and Emergency order, and the administration and enforcement of the laws and regulations by the Secretary, Commissioner and Director, violate the equal protection clause of the U.S. Constitution, Amnd. XIV, Sect. 1, and the Indiana Constitution Art. 1, Sect. 23, which prohibit state governments from creating unreasonable, artificial, and arbitrary legislative classifications. Both the U.S. and Indiana Constitutions guarantee that all persons subjected to state legislation must be treated alike, under like circumstances and conditions, both in privileges conferred and in liabilities imposed[.]

69. Key provisions of [the Act], the relevant sections of the administrative code, and Emergency order, and the administration and enforcement of the laws and regulations by the Secretary, Commissioner and Director, violate Indiana's Equal Privileges Clause, and the laws and regulations in question fail to demonstrate a legitimate government interest in their enactment or enforcement.

70. Key provisions of [the Act], the relevant sections of the administrative code, and Emergency Order are constitutionally void for vagueness under the Fifth and Fourteenth Amendments to the United States Constitution, because they do not give fair notice of what is punishable and they give arbitrary enforcement powers to the government.

App. pp. 27-28.

On February 26, 2013, the Secretary of State filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Appellants had failed to exhaust their administrative remedies and lacked standing.[3] Following a hearing, the Appellants filed a supplemental memorandum in opposition to the Secretary of State's motion to dismiss.

---

[3] In its motion to dismiss, the Secretary of State conceded that IAWA might have associational standing but that discovery would have to be conducted before determining such.

On March 13, 2014, the trial court granted the Secretary of State's motion to dismiss. The trial court concluded:

> [The Administrative Orders and Procedures Act ("AOPA")] provides the vehicle for Plaintiffs to raise their constitutional questions. AOPA provides an available administrative procedure to address all of the Plaintiffs' claims. The administrative procedures must be exhausted. Failure to exhaust administrative remedies deprives this court of subject matter jurisdiction.

Id. at 9. Following the dismissal, upon the Appellants' motion, the trial court clarified that it had considered the second amended complaint in ruling on the motion to dismiss. The Appellants now appeal.

**Analysis**

As an initial matter we must determine the appropriate standard of review. The parties framed the issue and the trial court addressed it as a motion to dismiss for lack of subject matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1). However, our supreme court has recently clarified that the failure to exhaust administrative remedies is not a question of subject matter jurisdiction but a question of procedural error. See First Am. Title Ins. Co. v. Robertson, No. 49S04-1311-PL-732, 2014, slip op. 3-4 (Ind. Nov. 13, 2014) (summarily affirming the "portion of the Court of Appeals opinion holding that the exhaustion of administrative remedies under AOPA is a procedural error and does not implicate the trial court's subject matter jurisdiction."). Likewise, "A claim of lack of standing is properly treated as a motion to dismiss under Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted." McPeek v. McCardle, 888 N.E.2d 171, 173 (Ind. 2008). Thus, the Secretary of State's motion is more appropriately

6

viewed as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Trial Rule 12(B)(6).

A Trial Rule 12(B)(6) motion tests the legal sufficiency of a claim, not the facts supporting it. Id. We review a trial court's dismissal pursuant to Trial Rule 12(B)(6) de novo. Id. We view the complaint in the light most favorable to the non-moving party and must determine whether the complaint states any facts on which the trial court could have granted relief. Id. at 173-74. "If a complaint states a set of facts that, even if true, would not support the relief requested, we will affirm the dismissal." Id. at 174. We may affirm the granting of a motion to dismiss if it is sustainable on any theory. Id.

We also note that the Appellants claim that the trial court erroneously dismissed their complaint and directed them to pursue administrative remedies. The Appellants contend, "Because there is no case or controversy surrounding any specific action, violation or remedy relating to any of [the Appellants] before an administrative body, there is no administrative remedy available to them." Appellants' Br. p. 30. Because the Appellants are situated differently, we address the dismissal of each Appellant separately.

### I. Exhaustion of Administrative Remedies

"It has long been Indiana law that a claimant with an available administrative remedy must pursue that remedy before being allowed access to the judicial power." Advantage Home Health Care, Inc. v. Indiana State Dep't of Health, 829 N.E.2d 499, 503 (Ind. 2005).

> Chapter 5 of AOPA "establishes the exclusive means for judicial review of an agency action," and provides that a person aggrieved by agency action may seek judicial review

7

> "only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review."

Woodruff v. Indiana Family & Soc. Servs. Admin., 964 N.E.2d 784, 790 (Ind. 2012) (quoting Ind. Code §§ 4-21.5-5-1,-4(a)), cert. denied. Our supreme court has explained that by requiring the exhaustion of administrative remedies:

> (1) premature litigation may be avoided; (2) an adequate record for judicial review may be compiled; and (3) agencies retain the opportunity and autonomy to correct their own errors. Even if the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues.

Indiana Dep't of Envtl. Mgmt. v. Twin Eagle LLC, 798 N.E.2d 839, 844 (Ind. 2003).

AAG, a formerly licensed wholesale dealer, did not seek judicial review when its license was revoked and argues that it is not challenging that decision. Instead, AAG contends that it would like to apply for a new license and is first seeking "to remove uncertainty and to clarify or remove laws which are specious and open to abuse." Appellants' Reply Br. p. 5. AAG, however, has not pursued available administrative remedies by actually applying for a license. Its failure to apply for a license, for whatever reason, does not permit it to do an end-run around AOPA and pursue judicial remedies such as a declaratory judgment action. Because AAG did not challenge the September 2013 revocation or apply for new a license, we must conclude that AAG failed to exhaust its administrative remedies.

8

AAG contends that it should not be required to exhaust administrative remedies because it would have been futile given the Secretary of State's bias against wholesale dealers. Although exhaustion of remedies may be excused if the exercise would be futile, the exhaustion requirement should not be dispensed with lightly on those grounds. Johnson v. Celebration Fireworks, Inc., 829 N.E.2d 979, 984 (Ind. 2005). To prevail on a claim of futility, "'one must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances.'" Id. (quoting M-Plan, Inc. v. Indiana Comprehensive Health Ins. Ass'n, 809 N.E.2d 834, 840 (Ind. 2004)).

AAG relies on Scheub v. Van Kalker Family Ltd. P'ship, 991 N.E.2d 952, 960 (Ind. Ct. App. 2013), in which a panel of this court held that exhaustion of administrative remedies was excused where the record established that a board member interfered with an applicant's rezoning procedure by actively organizing against the rezoning petition and attempting to make the project so expensive that it would not be feasible. The Appellants contend that the Secretary of State is similarly biased because applications are being denied at a rate of 70%, out-of-state parties are being targeted, and the Director of the Dealer Services Division appeared before an Indiana House of Representatives committee arguing in favor of the elimination of wholesale dealer licenses.

Even taking these assertions at face value, we are not convinced this purported bias excuses AAG from exhausting administrative remedies. First, there is no record of the kind of personal interference in the application process that was clearly established in Scheub. Moreover, our supreme court observed in Celebration that "the mere fact that an

9

administrative agency might refuse to provide the relief requested does not amount to futility." Celebration, 829 N.E.2d at 984. The Celebration court reasoned that, even if Celebration is unsuccessful in an administrative challenge, the Commission may produce a reasoned explanation of the underlying positions, which in itself would be of value before resorting to the courts to resolve such an issue. Id. Likewise, even if it is inevitable that the Secretary of State will ultimately deny AAG's application, the exhaustion of administrative remedies allows for the creation of a record for judicial review. Thus, AAG has not established that the Secretary of the State's purported bias renders exhaustion of administrative remedies futile.

Further, we reject AAG's claim that it should be excused from exhausting its administrative remedies because it raises constitutional challenges. It is well settled that, even if the ground of the complaint is the unconstitutionality of the statute, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues. Twin Eagle, 798 N.E.2d at 844; see also I.C. § 4-21.5-5-14(d)(2) (providing for judicial review of an agency action that is "contrary to constitutional right, power, privilege, or immunity[.]"). The heart of the complaint is whether the Secretary of State's application and enforcement of the statutes and the emergency rules violate various constitutional rights. In this regard, we are not faced with a pure question of law that might allow AAG to circumvent the administrative process. See, e.g., Twin Eagle, 798 N.E.2d at 844 (agreeing with Twin Eagle that its challenge to IDEM's authority does not require exhaustion of remedies because at least the first two issues turn on issues of law and

10

remanding the remaining "fact sensitive issue" for administrative proceedings); Outboard

Boating Club of Evansville, Inc. v. Indiana State Dep't of Health, 952 N.E.2d 340, 346

(Ind. Ct. App. 2011) ("[A]lthough the Clubs challenge the ISDH's regulation of their

facilities as ultra vires and void, because resolution of the issue turns on factual

determinations rather than statutory interpretation, the question must first be addressed

through the administrative process."), trans. denied. Thus, because AAG was required to

pursue available administrative relief and did not, the trial court properly dismissed its

allegations against the Secretary of State.

## *II. Standing*[4]

### *A. IAWA*

IAWA contends that it represents the interests of wholesale dealers and alleges

injury and imminent injury to all wholesale dealers resulting from the unconstitutional

laws and the actions of the Secretary of State. We have recently observed:

> The doctrine of standing focuses on whether the complaining
> party is the proper person to invoke the Court's power. The
> standing requirement restrains the judiciary to resolving only
> those controversies in which the complaining party has a
> demonstrable injury. In order to establish standing, a plaintiff
> must show that he or she has sustained, or was in immediate

---

[4] The Appellants collectively claim to have standing under the public standing doctrine, "which applies in cases where public rather than private rights are at issue and in cases which involve the enforcement of a public rather than a private right . . . ." State ex rel. Cittadine v. Indiana Dep't of Transp., 790 N.E.2d 978, 983 (Ind. 2003). They, however, fail to acknowledge that "persons availing themselves of the public standing doctrine nevertheless remain subject to various limitations." Id. For example, the doctrine does not prevent the requirement of exhaustion of administrative remedies and, "to the extent that persons claiming public standing may be seeking only declaratory relief, they must be persons 'whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise[.]'" Id. at 984 (quoting I.C. § 34-14-1-2). Thus, the Appellants may not use the public standing doctrine to avoid the exhaustion of remedies requirement or seek declaratory relief for an injury they have not suffered.

danger of sustaining, some <u>direct</u> injury as a result of the conduct at issue.

<u>Barnette v. U.S. Architects, LLP</u>, 15 N.E.3d 1, 11 (Ind. Ct. App. 2014) (citations omitted). Any injury to IAWA is derivative of that suffered by individual dealers who have sought licenses or could otherwise sue in their own right. <u>See</u> <u>id.</u> at 12; <u>see also</u> <u>Allen Cnty. Bd. of Comm'rs v. Ne. Indiana Bldg. Trades Council</u>, 954 N.E.2d 937, 941 (Ind. Ct. App. 2011) (acknowledging that an association has standing on behalf of its members if it can establish "1) the association's members would otherwise have standing to sue in their own right; 2) the interests the association seeks to protect are germane to its purpose; and 3) neither the claim asserted nor the relief requested requires participation of individual members in the lawsuit."), <u>trans. denied</u>. As we have discussed, those member-dealers are required to exhaust their administrative remedies and seek judicial review pursuant to AOPA, not circumvent the administrative process by filing a declaratory judgment action. Thus, the trial court properly dismissed IAWA's allegations against the Secretary of State.

### *B. NDL*

NDL leases space to wholesale dealers and claims that its contracts have been impaired by the laws and the administration of the laws. In arguing that NDL does not have standing to seek judicial review under AOPA, the Secretary of State contends that NDL's interest in not losing tenants is not a cognizable interest under AOPA. <u>See</u> I.C. § 4-21.5-5-3(a) (defining who has standing to obtain judicial review of an agency action). NDL claims that it is entitled to pursue a declaratory judgment action because it does not

hold or intend to hold a dealer's license, is not subject to licensure by the Secretary of State, and is not required to exhaust administrative remedies. We agree that no administrative remedy is available to NDL. Nevertheless, we are not convinced that NDL has standing to pursue a declaratory judgment action.

To obtain declaratory relief, "the person bringing the action must have a substantial present interest in the relief sought." Midwest Psychological Ctr., Inc. v. Indiana Dep't of Admin., 959 N.E.2d 896, 903 (Ind. Ct. App. 2011) (quotation omitted), trans. denied. Jurisdiction under the Declaratory Judgment Act is based on a justiciable controversy or question that is clearly defined and affects the legal right, the legal status, or the legal relationship of parties having adverse interests. Id.

Although NDL might be indirectly affected by the wholesale dealers' license revocations, NDL does not point to any action by the Secretary of State that directly impacts its right to contract with the dealers. To the extent NDL is affected by the Secretary of State's regulation of wholesale dealers, its injuries are too remote to give it standing to sue the Secretary of State. NDL's recourse for the dealers' inability to perform their obligations pursuant to the terms of their contracts is a breach of contract claim, not a declaratory judgment action against the Secretary of State.

**Conclusion**

Because AAG did not exhaust its administrative remedies and IAWA and NDL do not have standing, the trial court properly granted the Secretary of State's motion to dismiss. We affirm.

13

Affirmed.

BRADFORD, J., and BROWN, J., concur.