**OUTBOARD BOATING CLUB OF EVANSVILLE, INC. and Small–Craft Boaters, Inc., Appellants,**

v.

**INDIANA STATE DEPARTMENT OF HEALTH, Appellee.**

No. 82A01–1102–PL–52.

Court of Appeals of Indiana.

Aug. 17, 2011.

Rehearing Denied Oct. 19, 2011.

Leslie C. Shively, Shively & Associates, P.C., Evansville, IN, Attorney for Appellants.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Outboard Boating Club of Evansville ("Outboard") and Small–Craft Boaters, Inc. ("Small–Craft") (collectively, "the Clubs") filed an action for declaratory judgment in Vanderburgh Circuit Court against the Indiana State Department of Health ("the ISDH"). The trial court subsequently granted the ISDH's motion to dismiss for lack of subject matter jurisdiction. The Clubs appeal and argue that the trial court did have subject matter jurisdiction. Concluding that the trial court lacked subject matter jurisdiction due to the Clubs' failure to exhaust administrative remedies, we affirm.

### Facts and Procedural History

The Clubs are nonprofit corporations that own parcels of real estate located adjacent to the Ohio River in Vanderburgh County where they operate private boat club facilities. In August 2009, the ISDH sent notices to the Clubs informing them that they were in violation of a provision of the Indiana Administrative Code applicable to campgrounds. The notice to Outboard alleged that a "fifty (50) campsite campground was constructed without prior plan approval from the [ISDH]. This is a violation of 410 IAC 6–7.1–20(a)." Appellant's App. p. 27. Additionally, the notice informed Outboard that it was required to correct the alleged violation by November 2, 2009. Although a copy of the notice to

Small–Craft has not been included in the record, the parties appear to agree that it was similar in substance to the notice received by Outboard.[1]

On April 21, 2010, the Clubs filed a complaint seeking declaratory judgment that the ISDH had no jurisdiction to regulate their facilities. Specifically, the Clubs alleged that the ISDH was without jurisdiction to regulate their facilities because (1) application of the campground regulations to their facilities would be unconstitutional because their facilities were constructed prior to the enactment of the regulations, and (2) the facilities were not "campgrounds" within the applicable regulatory definition. On July 16, 2010, the ISDH filed a motion to dismiss alleging that the trial court lacked subject matter jurisdiction because the case was not ripe for declaratory judgment and because the Clubs had failed to exhaust administrative remedies. After the parties briefed the issue, the trial court held a hearing on the motion to dismiss on October 27, 2010. On November 1, 2010, the trial court entered an order granting the motion to dismiss, in which it found that it lacked subject matter jurisdiction because the Clubs had failed to exhaust administrative remedies.

The Clubs filed a motion to correct error, and the trial court held a hearing on January 11, 2011. On the same date, the trial court entered an amended order granting the motion to dismiss, in which it found that it lacked subject matter jurisdiction because (1) the matter was not ripe for declaratory judgment, and (2) the Clubs had failed to exhaust administrative remedies. The Clubs now appeal.[2]

1. A subsequent administrative enforcement action filed against Small–Craft alleged that a "sixteen (16) campsite campground was constructed without prior plan approval from the [ISDH]. This is a violation of 410 IAC 6–7.1– 20(a)." Appellant's Motion to Stay Proceedings, Ex. A.

2. Subsequent to the trial court's initial dismissal of the Clubs' declaratory judgment action, but before the Clubs filed their motion to

## Standard of Review

The Clubs assert that the trial court erred in dismissing its declaratory judgment action for lack of subject matter jurisdiction due to the Clubs' failure to exhaust administrative remedies. Where applicable, the requirement that a party exhaust its administrative remedies prior to obtaining judicial review of an agency action is a jurisdictional prerequisite to judicial review. *Austin Lakes Joint Venture v. Avon Utils., Inc.*, 648 N.E.2d 641, 644–45 (Ind.1995). Thus, where a party is required to exhaust administrative remedies and fails to do so, a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1) is appropriate. *Id.* at 645.

The standard of review applicable to a trial court's grant or denial of a motion to dismiss pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court. *Taylor v. Ford Motor Co.*, 944 N.E.2d 78, 80 (Ind.Ct.App.2011), *trans. denied.* Where, as here, the relevant facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded the trial court's conclusion. *See id.* Thus, we review the trial court's conclusion *de novo. See id.*

## Discussion and Decision

The Clubs assert that the trial court erred in concluding that it lacked subject matter jurisdiction due to the Clubs' failure to exhaust administrative remedies because, in this instance, the Clubs were not required to exhaust administrative remedies. As we explained above, where a party is required by the Administrative Orders and Procedures Act ("the AOPA") to exhaust administrative remedies before an agency prior to obtaining judicial review of the agency action and fails to do so, courts have no subject matter jurisdiction until after the entry of the final determination by the relevant administrative agency. *Austin Lakes*, 648 N.E.2d at 644; *see also* Ind.Code § 4–21.5–5–4 (2009) ("A person may file a petition for judicial review under this chapter only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review."). "Even when neither statute nor agency rule specifically mandates exhaustion as a prerequisite to judicial review, the general rule is that a party is not entitled to judicial relief for an alleged or threatened injury until the prescribed administrative remedy has been exhausted." *Austin Lakes*, 648 N.E.2d at 644. Where an administrative remedy is available, filing a declaratory judgment action is not a suitable alternative. *Carter v. Nugent Sand Co.*, 925 N.E.2d 356, 360 (Ind.2010).

Our supreme court has held that the exhaustion doctrine is supported by strong policy reasons and considerations of judicial economy. *Johnson v. Celebration Fireworks*, 829 N.E.2d 979, 982 (Ind.2005). Specifically,

[t]he exhaustion doctrine is intended to defer judicial review until controversies have been channeled through the complete administrative process. The exhaustion requirement serves to avoid

---

correct error, the Environmental Public Health Division of the ISDH initiated administrative enforcement actions with the ISDH against the Clubs. Subsequent to the initiation of this appeal, the Clubs filed a motion to stay administrative proceedings related to the enforcement actions with the ISDH pending the outcome of this appeal, which was denied by an ALJ. The Clubs then filed a motion to stay administrative proceedings before the ISDH with this court, which was granted on May 5, 2011.

collateral, dilatory action ... and to ensure the efficient, uninterrupted progression of administrative proceedings and the effective application of judicial review. It provides an agency with an opportunity "to correct its own errors, to afford the parties and the courts the benefit of [the agency's] experience and expertise, and to compile a [factual] record which is adequate for judicial review."

*Id.* (alteration in original) (quoting *Austin Lakes*, 648 N.E.2d at 644).

■ Ordinarily, the administrative agency must resolve factual issues before the trial court can acquire subject matter jurisdiction. *Ind. Dep't of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d 839, 844 (Ind.2003). "Even if the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Id.* However, a party is not required to exhaust administrative remedies if a statute is void on its face, and exhaustion may not be appropriate if an agency's action is challenged as being ultra vires and void. *Id.* Generally, where an action is brought upon the theory that the agency lacks the jurisdiction to act in a particular area, exhaustion of remedies is not required; that is, to the extent that the issue turns on statutory construction, whether an agency possesses jurisdiction over a matter is a question of law for the courts. *Id.* Thus, while we avoid applying the doctrine of exhaustion in a mechanical fashion, we recognize the strong policy rationale supporting it, and therefore adhere to it closely. *Johnson*, 829 N.E.2d at 983.

■ Here, the Clubs argue that they were not required to exhaust administrative remedies before filing their declaratory judgment action because they are challenging the ISDH's jurisdiction to regulate their facilities.[3] In advancing their argument, the Clubs rely solely on our supreme court's decision in *Twin Eagle*. In *Twin Eagle*, a developer intended to fill in several acres of wetlands and ponds on its property and sought declaratory judgment to prevent the Indiana Department of Environmental Management ("IDEM") from requiring it to obtain a permit before doing so. 798 N.E.2d at 842. IDEM filed a motion to dismiss for lack of subject

---

3. The Clubs also devote one sentence to the argument that the "inspection report which created the controversy at issue was not an administrative enforcement action and, therefore, there were no administrative remedies required to be exhausted[.]" Appellant's Br. at 5. In support of this argument, the Clubs cite generally the entire chapter of the AOPA applicable to judicial review of agency actions, as well as a page from the ISDH's memorandum filed in support of its motion to dismiss wherein the ISDH argues that the trial court lacked subject matter jurisdiction because the case was not ripe for declaratory relief and discusses the exhaustion requirement in general terms. We are at a loss as to how these citations support the conclusion that no administrative remedies were available within the ISDH or that parties are only required to exhaust administrative remedies when an administrative agency has initiated an enforcement action. The Clubs' argument in this regard is therefore waived for failure to make a cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a) (argument portion of appellant's brief must contain contentions of the appellant, supported by cogent reasoning); *Romine v. Gagle*, 782 N.E.2d 369, 386 (Ind.Ct. App.2003) ("A party generally waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record."), *trans. denied*. In any event, we note that the ISDH filed enforcement actions against the Clubs prior to the initiation of this appeal, and that administrative proceedings therein have been stayed pending the outcome of this appeal.

matter jurisdiction asserting that Twin Eagle had failed to exhaust administrative remedies, which the trial court denied. *Id.* The trial court subsequently granted Twin Eagle's motion for summary judgment. *Id.*

IDEM appealed to the Indiana Supreme Court pursuant to Indiana Appellate Rule 56(A) and argued that the trial court lacked subject matter jurisdiction due to Twin Eagle's failure to exhaust administrative remedies. The court summarized the issues on appeal as follows:

(1) does IDEM have the authority to regulate "waters of the state" previously regulated by the Section 404 program; (2) if IDEM is so authorized, can it properly exercise that authority through the [National Pollutant Discharge Elimination System ("NPDES")] permitting process; (3) if IDEM does have the authority to prohibit a discharge without an NPDES permit as to some waters, does that authority extend to discharges into private ponds and isolated wetlands in general *and these waters in particular.*

*Id.* at 844 (emphasis added). The court held that Twin Eagle was not required to exhaust administrative remedies before seeking judicial review because "at least the first two of these issues turn on issues of law." *Id.* The court then resolved these "abstract issues of law" regarding IDEM's regulatory jurisdiction in IDEM's favor, concluding that it had regulatory authority over "waters of the state," which in some instances may include certain private ponds and isolated wetlands, and that IDEM's use of the NPDES permitting system was not the result of an improper rulemaking process. *Id.* at 845–47.

But the court withheld judgment on the issue of whether the particular waters at issue fell within the regulatory definition of "waters of the state" subject to IDEM's regulatory jurisdiction. *Id.* at 847. Specifically, the court held that "Twin Eagle may be correct that the particular waters at issue are not subject to regulation, but the proper forum to address this fact sensitive issue is through the administrative process." *Id.* at 845.

Here, unlike in *Twin Eagle,* there is no abstract question of law presented regarding the ISDH's general authority to regulate Indiana campgrounds. Rather, the Clubs argue that the particular facilities at issue are not subject to the ISDH's regulatory jurisdiction over campgrounds. This question of jurisdiction over a particular site is precisely the type of fact sensitive issue the *Twin Eagle* court concluded should be resolved in the first instance by the administrative agency.

We believe that the issues before us are more analogous to those presented previously in *Johnson.* In *Johnson,* Celebration, a fireworks wholesaler, had for several years complied with the Fire Marshal's requirement that it obtain a Certificate of Compliance and pay a separate annual fee for each of its multiple locations. 829 N.E.2d at 981. However, in 1995, Celebration tendered only one application and fee for its central warehouse. *Id.* Additionally, Celebration filed a complaint against the Fire Marshal and the State asserting that, contrary to the Fire Marshal's interpretation of the applicable statute, it was only required to obtain one Certificate of Compliance for all of its wholesale locations and seeking a refund of what it considered to be excess fees paid in previous years. *Id.* After a bench trial, the trial court entered judgment in favor of Celebration. *Id.*

The Fire Marshal and State appealed and argued that the trial court lacked subject matter jurisdiction because Celebration failed to exhaust administrative remedies. *Id.* at 981–82. Relying on *Twin*

*Eagle,* Celebration responded that it was not required to exhaust administrative remedies because it challenged the Fire Marshal's actions as ultra vires and void. *Id.* at 983. Our supreme court disagreed and held that:

> This case differs from *Twin Eagle* in material respect. Unlike the state agency in *Twin Eagle,* there is absolutely no question in the present case of the Fire Marshal's legal authority to license fireworks wholesalers; the question here is at most a mixed question of law and fact—and, quite likely in our view, a pure question of fact—as to whether each of the individual outlets selling fireworks is itself a wholesaler. The Court of Appeals was incorrect to hold that the Fire Marshal's authority is a question of statutory construction (a pure question of law), relieving Celebration from exhausting its administrative remedies. We find this to be a question of fact properly resolved through the administrative process.

*Id.*

Here, like in *Johnson,* the Clubs do not argue that the ISDH lacks general authority to regulate campgrounds. Rather, they argue that their facilities are outside the ISDH's regulatory jurisdiction because they do not fall within the regulatory definition of campgrounds. Like the issue of whether each of Celebration's outlets was a separate wholesaler, the issue of whether the Clubs' facilities are campgrounds presents either a pure question of fact, or at most a mixed question of fact and law, for the agency to resolve in the first instance. Put differently, although the Clubs challenge the ISDH's regulation of their facilities as ultra vires and void, because resolution of the issue turns on factual determinations rather than statutory interpretation, the question must first be addressed through the administrative pro-

cess. *See Twin Eagle,* 798 N.E.2d at 844 (noting that factual issues are properly resolved by an administrative agency, and *"[t]o the extent that the issue turns on statutory construction,* whether an agency possesses jurisdiction over a matter is a question of law" and exhaustion of remedies is not required (emphasis added)).

Similarly, the Clubs' argument that their facilities were constructed prior to the enactment of the regulations at issue and that retroactive application of the regulations to their facilities would be unconstitutional presents a threshold factual issue regarding the dates the facilities were constructed. And even assuming the facilities were constructed prior to the enactment of the regulations, the relevant regulatory provision applies not only to the original construction of a campground, but also to any "addition to, or significant change in the construction of any campground[.]" 410 I.A.C. 6–7.1–20(a). Thus, assuming *arguendo* that retroactive application of the regulations to pre-existing facilities would be unconstitutional, the resolution of whether application of the regulations to the Clubs' facilities would amount to a retroactive application turns on factual determinations properly addressed to the ISDH.

Furthermore, our supreme court has held that "[e]ven if the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Twin Eagle,* 798 N.E.2d at 844; *see also Johnson,* 829 N.E.2d at 982. Here, although the Clubs are challenging the constitutionality of administrative regulations as applied to them, the same rationale applies: if the Clubs are required to engage in the admin-

istrative process, the ISDH may dispose of this matter without confronting broader legal issues concerning whether the regulations apply retrospectively. For example, if the ISDH were to determine that the facilities at issue do not satisfy the regulatory definition of campgrounds, it would not need to proceed further to determine whether the regulations were unconstitutional as applied to the Clubs.

For all of these reasons, we conclude that the Clubs were required to exhaust administrative remedies before the trial court could acquire subject matter jurisdiction over their declaratory judgment action. Because they failed to do so, the trial court did not err in granting the ISDH's motion to dismiss.[4]

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

---

4. Because we conclude that the trial court lacked subject matter jurisdiction due to the Clubs' failure to exhaust administrative reme- dies, we need not address the Clubs' arguments regarding ripeness.