# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**THOMAS E. WHEELER, III**
**SARAH STEELE RIORDAN**
**MAGGIE L. SMITH**
Frost Brown Todd
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**DAVID STEINER**
Deputy Attorney General
Indianapolis, Indiana



FILED
May 13 2013, 8:30 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

FIRST AMERICAN TITLE
INSURANCE COMPANY,

    Appellant-Petitioner/Cross-Appellee,

       vs.

STEPHEN W. ROBERTSON, INSURANCE
COMMISSIONER OF THE STATE OF
INDIANA, in his official capacity, ON
BEHALF OF THE INDIANA DEPARTMENT
OF INSURANCE,

    Appellee-Respondent/Cross-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 49A04-1206-PL-326

---

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1105-PL-019374

---

**May 13, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

First American Title Insurance Company ("First American") filed a verified petition for judicial review and declaratory relief against Stephen W. Robertson in his official capacity as Insurance Commissioner of the State of Indiana (the "Commissioner"). First American sought a declaration and judgment that the Commissioner's order setting an investigatory hearing was void because it was issued outside the statutory time frame. First American appeals the trial court's subsequent denial of its petition, raising the following restated issues: 1) whether the Commissioner's failure to comply with the statutory deadline rendered his order void, and 2) whether the trial court erred by requiring a separate showing of prejudice. On cross-appeal, the Commissioner appeals the trial court's denial of his motion to dismiss First American's petition, raising the following restated issues: 1) whether First American's failure to exhaust its administrative remedies deprived the trial court of subject matter jurisdiction over the petition, and 2) whether First American submitted sufficient materials for judicial review. Concluding the Commissioner's claim with regard to the failure to exhaust administrative remedies is waived and there were sufficient materials to enable judicial review, but that the Commissioner's failure to comply with the statutory deadline rendered his order void and the trial court erred by requiring a separate showing of prejudice, we affirm in part, reverse in part, and remand.

## Facts and Procedural History

First American is an insurer licensed to do business in the state of Indiana. In March 2009, the Commissioner appointed a third party to perform a market conduct examination of

First American. The third party examiner completed its examination and filed the market conduct examination report (the "report") with the Commissioner on September 30, 2010. The Commissioner forwarded the report to First American on October 18, 2010. First American filed its response and rebuttal on November 10, 2010. On December 20, 2010, the Commissioner requested, and First American agreed, to retroactively extend the statutory thirty day deadline for an additional thirty days. The parties met on January 26, 2011, at which time they were unable to reach a resolution of the issues. The Commissioner requested and First American agreed to extend the deadline to February 4, 2011. On March 21, 2011, the Commissioner, through his agents, requested that First American agree to a third extension of time up through April 15, 2011. First American denied this request. On April 15, 2011, the Commissioner issued an order appointing an administrative law judge and setting an investigatory hearing on the report. On April 19, 2011, a notice of hearing was issued by the administrative law judge, setting the hearing for July 12, 2011.

On May 17, 2011, First American filed a verified petition for judicial review and declaratory relief with the trial court. First American sought a judgment and declaration that the Commissioner's failure to act on the report within the statutory time frame rendered his order void. The Commissioner filed a motion to dismiss, arguing that First American failed to serve the Attorney General with its petition and that it failed to submit the agency record to the court. The trial court heard oral argument on the motion to dismiss on September 28, 2011. The court denied the motion, finding that First American properly served the Attorney General and that the documents attached to the petition were sufficient for judicial review.

After both parties submitted briefs on the merits of the petition for review and the Commissioner renewed his motion to dismiss on the ground that First American had not properly filed an agency record with the court, the trial court heard oral argument on these matters on April 23, 2012. The trial court denied the motion to dismiss, finding again that the materials submitted were sufficient for judicial review. However, the court denied the petition for judicial review and declaratory relief on the merits. In its order, the trial court stated that under the guidelines of the Administrative Orders and Procedures Act ("AOPA"), "the Court must find both that an agency action fits into one of the five aforementioned categories and that the agency action prejudiced the petitioner," and found that First American did not meet its burden of proof with regard to the second prong of prejudice. Appellant's Appendix at 11. First American now appeals and the Commissioner cross-appeals. Additional facts will be provided as necessary.

Discussion and Decision

I.      Standard of Review

Judicial review of administrative decisions is governed by the AOPA. Ind. Code § 4-21.5-2-0.1(a). When reviewing the decision of an administrative agency, we are bound by the same standard of review as the trial court. The Kroger Co. v. Plan Comm'n of Town of Plainfield, 953 N.E.2d 536, 539 (Ind. Ct. App. 2011), trans. denied. A court may set aside an agency action if the petitioner was prejudiced by an agency action that fits into one of five categories set forth in Indiana Code section 4-21.5-5-14(d). On appeal, to the extent the trial court's factual findings were based on a paper record, review is de novo. Equicor Dev., Inc.

4

v. Westfield-Washington Twp. Plan Comm'n, 758 N.E.2d 34, 37 (Ind. 2001). Similarly, we review a trial court's ruling on a motion to dismiss de novo where the facts are not in dispute and the court ruled on a paper record. Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29, 847 N.E.2d 924, 926 (Ind. 2006).

## II. Cross-Appeal

### A. Subject Matter Jurisdiction

We address first the jurisdictional argument, as jurisdiction is a threshold issue. On cross-appeal, the Commissioner argues that First American's failure to exhaust its administrative remedies deprived the trial court of subject matter jurisdiction over the petition. This is the first time the Commissioner has raised this issue. The Commissioner argues that this issue is properly before the court by citing the rule that subject matter jurisdiction cannot be waived and may be raised at any time. First American argues that the failure to exhaust administrative remedies goes to whether the trial court had jurisdiction over this particular case and, as such, is a procedural error that can be waived.[1] We agree with First American.

While it is well-established that a court's subject matter jurisdiction cannot be waived, whether a particular error impacts a court's subject matter jurisdiction is not as clear. Our supreme court recently clarified the concept of subject matter jurisdiction and stated the following:

---

[1] First American also argues that it did not actually fail to exhaust its administrative remedies. However, because we hold that the Commissioner is raising an untimely procedural error and has thus waived

5

> Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension. The fact that a trial court may have erred along the course of adjudicating a dispute does not mean it lacked jurisdiction.
> . . . .
> Thus, while we might casually say, "Judge Flywheel assumed jurisdiction," or "the court had jurisdiction to impose a ten-year sentence," such statements do not have anything to do with the law of jurisdiction, either personal or subject matter. Real jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus characterizing other sorts of procedural defects as "jurisdictional" misapprehends the concepts.

K.S. v. State, 849 N.E.2d 538, 541-42 (Ind. 2006) (emphasis in original) (holding that the juvenile court's alleged failure to approve by written order the filing of a delinquency petition was a procedural error, and not a jurisdictional one, and thus could not be attacked collaterally). In Packard v. Shoopman, our supreme court held that the alleged failure to comply with a deadline for filing a petition for judicial review in the Tax Court was a procedural rather than jurisdictional error despite the fact that "cases from this Court and the Court of Appeals from time to time have described timely filing requirements as implicating the 'jurisdiction' of the court." 852 N.E.2d 927, 930 (Ind. 2006). The court noted that the phrase, "'jurisdiction over the particular case,' is something of a misnomer and refers to failure to meet procedural requirements." Id. at 929-30. Because the error was procedural and was not raised in a timely fashion, any objection to the timeliness of the filing was waived. Id. at 932.

Our supreme court's analysis in K.S. and Packard applies here. See St. Joseph Hosp. v. Cain, 937 N.E.2d 903, 906 (Ind. Ct. App. 2010) (rejecting the argument that "the analysis

---

its claim regarding exhaustion, we need not address that issue.

of jurisdictional concepts in K.S. applies with less force in an AOPA case than it does in a juvenile delinquency adjudication"), trans. denied. Like the error in Packard, the alleged error here—the failure to exhaust administrative remedies—has often been described as implicating a court's subject matter jurisdiction. See, e.g., Johnson v. Celebration Fireworks, Inc., 829 N.E.2d 979, 984 (Ind. 2005). Yet, in Packard, the court held that the error was actually a procedural and not jurisdictional error. 852 N.E.2d at 932. Subject matter jurisdiction is defined as "the power to hear and determine cases of the general class to which any particular proceeding belongs." K.S., 849 N.E.2d at 540. Here, it is clear that the Marion Superior Court possessed jurisdiction over the general class of cases to which this petition belonged. First American filed a petition for review of an order issued by the Commissioner, head of an administrative agency, as contemplated by the AOPA. See Ind. Code § 4-21.5-5-2. The Commissioner's argument that First American failed to exhaust its administrative remedies as set forth in Indiana Code section 4-21.5-5-4 goes towards the jurisdiction of this particular case, and is thus a procedural and not jurisdictional error. See Kennedy v. Town of Gaston, 923 N.E.2d 988, 994 (Ind. Ct. App. 2010) (holding that the alleged failure to exhaust administrative remedies under the Unsafe Building Act was a procedural rather than jurisdictional error and was thus waived when it was not raised in a timely fashion).[2] Because the Commissioner raises this alleged procedural error for the first time on appeal, its claim in regard to exhaustion is waived.

---

[2] The Commissioner claims that Kennedy is inconsistent with other, more recent, decisions issued by this court. However, in all of those cases, the issue was whether the party had failed to exhaust its administrative remedies, and not whether an objection to the failure to exhaust administrative remedies can be

7

B. Sufficiency of Materials Submitted

On cross-appeal, the Commissioner also appeals the trial court's denial of its motion to dismiss on the ground that First American failed to submit an agency record. The Commissioner cites the statutory requirement that a petitioner seeking judicial review of an agency action must request the agency record from the agency and then transmit that record to the court. See Ind. Code § 4-21.5-5-13. First American did not make a written request for the agency record from the Commissioner. Instead, it submitted with its petition to the court a cover letter dated April 13, 2011, from the Commissioner's attorney to First American's attorney, a copy of the order setting an investigatory hearing, the notice of hearing issued by the administrative law judge, and a letter from First American's attorney dated March 29, 2011, refusing to agree to a third extension of time. The trial court held that these materials were sufficient to decide the issue presented for judicial review. We agree.

In Indiana Family and Social Services Admin. v. Meyer, our supreme court was recently evenly divided on the issue of whether a trial court may proceed with a case where the agency record was not timely filed, but the submitted materials contained sufficient facts on which a determination could be made.[3] 927 N.E.2d 367, 371-72 (Ind. 2010). In that case,

---

waived. See Amerisafe Risk Serv., Inc. v. Estate of Wadsack, 980 N.E.2d 842, 846 (Ind. Ct. App. 2012) (reversing the trial court's denial of a motion to dismiss because the complaint should have been filed with the Worker's Compensation Board and not with the court), trans. denied; Bridges v. Veolia Water Indianapolis, LLC, 978 N.E.2d 447, 459 (Ind. Ct. App. 2012) (affirming the trial court's decision to dismiss the case because the claim fell within the agency's exclusive jurisdiction and exhaustion would not have been futile), trans. denied; Outboard Boating Club of Evansville, Inc. v. Ind. State Dep't of Health, 952 N.E.2d 340, 343 (Ind. Ct. App. 2011) (affirming the trial court's decision to dismiss the case for failure to exhaust administrative remedies), trans. denied. Thus, those cases are not on point.

[3] Justice Sullivan did not participate in the decision, and the remaining four justices were equally

the issue on appeal was a question of fact regarding the valuation of some property. Id. at 369. The agency had admitted to error in its answer. Id. at 372. Two of the justices determined that, in light of the admission, "there was nothing needed to resolve the [issue] beyond facts established by the petition and answer, and the applicable law as set forth in the regulations," and, thus, the submitted documents were sufficient for judicial review. Id. The two other justices disagreed, arguing that an agency record is required for judicial review, and that holding otherwise would lead to future contests over whether the submitted records were "complete enough" for review. Id. at 374. Further, the disagreeing justices noted that in that case, if the court dismissed the case, it would be reviewed by a Medicare county office and thus the petitioner would "receive all the further consideration to which the Court says she is entitled." Id. It is not clear to what extent this fact influenced the decision of the disagreeing justices, and whether they would have held differently had their decision precluded further review of the petitioner's case.

This case is different from Meyer in multiple respects. First, the issue here is a pure question of law. The issue presented for judicial review was whether the Commissioner's failure to comply with the statutory time frame rendered his order void. To the extent any facts were necessary, they were included in the submitted materials. For example, the hearing order issued on April 15, 2011, noted that the report that was to be the subject of the hearing and that started the statutory timeframe running was filed on September 30, 2010. In fact, the Commissioner acknowledged, in his brief filed with the trial court, that the order

divided on this issue.

9

"was not issued pursuant to the time frame outlined in Indiana Code § 27-1-3.1-11."[4] Appellant's App. at 102. Because the issue was a question of law regarding compliance with a statutory deadline, and there were no disputed facts, the submitted materials were sufficient to allow judicial review of the issue.[5]

Moreover, most of the materials typically included in an agency record do not exist in this case because no evidentiary hearing was conducted. Indiana Code section 4-21.5-3-33(b) defines an agency record as consisting of the following:

(1)     Notices of all proceedings.

(2)     Any prehearing order.

(3)     Any motions, pleadings, briefs, petitions, requests, and intermediate rulings.

(4)     Evidence received or considered.

(5)     A statement of matters officially noticed.

(6)     Proffers of proof and objections and rulings on them.

(7)     Proposed findings, requested orders, and exceptions.

(8)     The record prepared for the administrative law judge or for the ultimate authority or its designee under sections 28 through 31 of this chapter, at a hearing, and any transcript of the record considered before final disposition of the proceeding.

(9)     Any final order, nonfinal order, or order on rehearing.

---

[4] As noted below, the Commissioner has now changed his position on appeal and claims that the statutory deadline is flexible.

[5] The Commissioner claims that the trial court erred by relying on the allegations in First American's petition. However, to the extent the trial court relied upon them to find that First American failed to satisfy its burden of proof with regard to prejudice, we conclude below that no separate showing of prejudice was required. Any other facts that came from the petition merely established the timeframe following the filing of the report, which was not in dispute.

(10) Staff memoranda or data submitted to the administrative law judge or a person presiding in a proceeding under sections 28 through 31 of this chapter.

(11) Matters placed on the record after an ex parte communication.

Because an evidentiary hearing was not conducted, there was no evidence received or considered, no statement of matters officially noticed, and no proposed findings or requested orders, for instance. And any order or notice issued by the Commissioner or the administrative law judge was submitted to the court with the petition. The Commissioner points to seventeen items that it claims should have also been included as part of the agency record. However, a review of these items reveals that most of them relate to the market conduct examination and are dated prior to the issuance of the report, which started the statutory timeframe running. The only two items listed by the Commissioner that did not pre-date the issuance of the report are the report itself and communications between the Commissioner and First American attempting to schedule a settlement hearing during January 2011. None of these items were necessary for the narrow question of law presented to the trial court for judicial review—whether the Commissioner's failure to issue its order within the statutory timeframe rendered it void.[6] And, thus, the materials submitted by First American were sufficient for review. See Izaak Walton League of Am., Inc. v. DeKalb Cnty. Surveyor's Office, 850 N.E.2d 957, 965 (Ind. Ct. App. 2006) (holding the materials

---

[6] The Commissioner claims that these materials were necessary to determine the issue of whether the Commissioner's failure to comply with the statutory deadline prejudiced First American. However, even if this is true, it is of no consequence, because, as we conclude below, the trial court erred by requiring a separate showing of prejudice.

11

submitted were sufficient because the record should include "all that is necessary in order for the reviewing court to accurately assess the challenged agency action"), trans. denied. We, therefore, affirm the trial court's denial of the Commissioner's motion to dismiss.

### III. Appeal

#### A. Failure to Comply with Statutory Deadline

Indiana Code section 27-1-3.1-11 mandates that:

(a)     Within thirty (30) days after the end of the period allowed for the receipt of written submissions or rebuttals, the commissioner shall . . . enter an order:

(1) adopting the examination report  . . . ;

(2) rejecting the examination report . . . ; or

(3) calling for an investigatory hearing with no less than twenty (20) days notice to the company for purposes of obtaining additional documentation, data, information and testimony.

Here, the Commissioner chose to call for an investigatory hearing but waited over thirty days from the end of the period allowed for the receipt of written submissions or rebuttals.[7] At the trial court level, the Commissioner acknowledged that the order "was not issued pursuant to the time frame outlined in Indiana Code § 27-1-3.1-11," Appellant's App. at 102, but now, on appeal, claims that he has flexibility as to when to respond to the report and that the "shall" in the statute is not mandatory. We disagree.

---

[7] Submissions and rebuttals are allowed within thirty days of issuance of the report. Ind. Code § 27-1-3.1-10(b). In this case, the deadline for rebuttals and statements was around November 18, 2010, which First American complied with by submitting its rebuttal on November 10, 2010. Thus, the deadline for issuing an

12

"The first and often the only step in resolving an issue of statutory interpretation is the language of the statute." Shell Oil Co. v. Meyer, 705 N.E.2d 962, 972 (Ind. 1998). Here, Indiana Code section 27-1-3.1-11 states that "within thirty (30) days . . . the commissioner shall . . . enter an order." (Emphasis added.) This language suggests that the thirty day requirement is mandatory. See State, Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc., 716 N.E.2d 943, 946 (Ind. 1999) (finding that the language of statutory provision which states "the commission shall, not later than thirty (30) days after the election is made, file a civil action" suggested that the thirty day requirement was mandatory, not directory). In addition, Indiana case law presumes that "shall" is mandatory "unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning." United Rural Elec. Membership Corp. v. Ind. & Mich. Elec. Co., 549 N.E.2d 1019, 1022 (Ind. 1990).

The Commissioner claims that the "shall" is not mandatory because the statutory provision governing the time period allowed for the receipt of submissions and rebuttals allows the Commissioner to extend that time period if in his "sole discretion, [he] determines that an extension is appropriate or necessary." See Ind. Code § 27-1-3.1-10(b). However, this provision contemplates that an extension is requested by the company which was the subject of the market conduct examination. Further, it limits any extensions to those that are "appropriate or necessary," see Ind. Code § 27-1-3.1-10, and thus the Commissioner cannot "extend the deadline for an investigatory hearing merely by extending the time for rebuttals

order was around December 18, 2010. The order here was issued over four months from that deadline, and

13

and statements," see Brief of Appellee and Cross Appeal at 27. In fact, explicitly granting the Commissioner the discretion to allow for an extension of time for rebuttals and statements reflects that the thirty day deadline in that statutory provision is mandatory. The statutory provision setting forth a thirty day timeframe for issuance of an order by the Commissioner is similarly mandatory, but does not include any language allowing for an extension. From this omission, we can presume the legislature purposely chose not to allow the Commissioner to extend the deadline to issue its order. See Andrianova v. Ind. Family & Soc. Serv. Admin., 799 N.E.2d 5, 16 (Ind. Ct. App. 2003) ("When language is used in one section of a statute but omitted from others, courts indulge a general presumption that [the legislature] acted intentionally and purposely in so doing."). Thus, when the mandatory statutory deadline passed, the Commissioner no longer had the authority to issue an order with regard to the report. The Commissioner's order was void.

### B.  Separate Showing of Prejudice

Under AOPA, a court may set aside an agency action if

it determines that a person seeking judicial relief has been prejudiced by an agency action that is:
(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(2) contrary to constitutional right, power, privilege, or immunity;
(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(4) without observance of procedure required by law; or
(5) unsupported by substantial evidence.

---

over sixty days from the last agreed upon extension of February 4, 2011.

Ind. Code § 4-21.5-5-14(d). The trial court stated that it "must find both that an agency action fits into one of the five aforementioned categories and that the agency action prejudiced the petitioner," and found that First American failed to meet its burden of proof with regard to the second prong of prejudice. Appellant's App. at 11. On appeal, First American argues that the trial court erred by requiring a separate showing of prejudice. We agree.

As we conclude above, by failing to comply with a mandatory statutory deadline, the Commissioner acted without observance of procedure required by law and in excess of its statutory authority. No Indiana caselaw requires proving anything beyond establishing that the agency action at issue falls into one of the five enumerated categories set forth in Indiana Code section 4-21.5-5-14(d) in order to obtain relief. See, e.g., A.B. v. State, 949 N.E.2d 1204, 1217 (Ind. 2011) (stating that the "AOPA specifies five instances under which judicial relief should be granted due to prejudice by an agency action: if the agency action is [listing the five enumerated categories]") (emphasis added). Thus, we find that First American satisfied its burden of proof and was entitled to relief.

## Conclusion

The Commissioner waived its claim regarding exhaustion of administrative remedies by waiting to raise the issue for the first time on appeal. Because the materials submitted by First American with its petition were sufficient for judicial review, the trial court properly considered the merits of First American's petition. Thus, we affirm the court's denial of the Commissioner's motion to dismiss. We conclude, however, that the Commissioner's failure

15

to comply with the statutory deadline rendered his order void and that the trial court erred by requiring a separate showing of prejudice. Thus, we reverse the trial court's denial of First American's verified petition for judicial review and declaratory relief and remand with instructions to grant the petition.[8]

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and CRONE, J., concur.

---

[8] We note that in many instances, when a court sets aside an agency action, it remands the case to the agency for further proceedings. See Ind. Code § 4-21.5-5-15. Considering our holding that the Commissioner's failure to comply with the statutory deadline rendered his order void and he can no longer take action on the report that was the subject of the order, remand to the agency would serve no purpose and is, therefore, unnecessary. See Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp., 865 N.E.2d 660, 668 (Ind. Ct. App. 2007) ("Simply put, where remand would serve no purposes—as in instances where no additional issues remain for determination—remand is unnecessary."). On remand, the trial court must simply issue an order granting First American's petition and declaring the Commissioner's order void.