

**FILED**

Jan 23 2019, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristen D. Hill
Munster, Indiana

ATTORNEYS FOR APPELLEE

Sophia J. Arshad
Arshad Pangere & Warring, LLP
Merrillville, Indiana

Geoffrey G. Giorgi
Giorgi & Bebekoski, LLC
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Hammond,

*Appellant-Plaintiff,*

v.

John Rostankovski,

*Appellee-Defendant.*

January 23, 2019

Court of Appeals Case No.
18A-OV-1891

Appeal from the Lake Superior
Court

The Honorable Julie N. Cantrell,
Judge

Trial Court Cause No.
45D09-1805-OV-1637

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, the City of Hammond (Hammond), appeals the Superior Court's dismissal of its action against Appellee-Defendant, John Rostankovski (Rostankovski), for lack of subject matter jurisdiction.

We reverse and remand for further proceedings.

# ISSUE

Hammond presents this court with one issue on appeal which we restate as: Whether the Superior Court lacked subject matter jurisdiction to hear Hammond's appeal from a negative judgment based on an ordinance violation.

# FACTS AND PROCEDURAL HISTORY

Rostankovski is the owner of residential rental property located on Spruce Street, in Hammond, Indiana. On October 24, 2017, Hammond filed a Complaint against Rostankovski in the Hammond City Court (City Court), alleging a violation of Hammond's zoning ordinance. Rostankovski filed a motion to dismiss Hammond's Complaint, to which Hammond responded. On April 20, 2018, after conducting a hearing, the City Court issued an Order, concluding that Hammond's Complaint was barred by laches and consequently dismissed the Complaint.

On April 30, 2018, Hammond filed a motion for trial *de novo* with the Lake County Superior Court (Superior Court), which was denied on May 7, 2018. In its order, the Superior Court found:

> Motion for Trial De Novo is denied. Trial De Novo Rule 2A1 states, "a defendant who has statutory right to appeal . . ." It does not contemplate appeal by anyone other than the defendant.

> However, if [Hammond] is of the opinion it has a right to pursue appeal pursuant to [Ind. Code §] 33-35-5-10, [Hammond] shall file an appeal in conformity with the requirements of the statute within 30 days.

(Appellant's App. Vol. II, p. 48). In accordance with the Superior Court's order, on May 30, 2018, Hammond filed its petition for appellate review of the judgment issued by the City Court pursuant to I.C. § 33-35-5-10 with the Superior Court. The following day, on May 31, 2018, the Superior Court dismissed the appeal for lack of subject matter jurisdiction. In its Order, the Superior Court concluded, in pertinent part:

> Now [Hammond] urges that pursuant to [I.C. § 33-35-5-10][1] it may appeal, pursuant to the statute regarding the appeal of a civil case from Hammond City Court. However, once again, the court must rule it has no subject matter jurisdiction.

> Although the statute in question does allow for any party to appeal a civil case in the manner prescribed, and ordinance cases are considered civil in nature, the problem here is one of conflict of laws. While the statute allows for civil appeals by any party, the De Novo Rules do not allow for the appeals of [o]rdinance [v]iolations by [Hammond]. In such a situation of conflict, the

---

[1] In its Order, the Superior Court referred to I.C. § 35-33-5-10. However, we assume the Superior Court transposed the Title and Article numbers as I.C § 35-33 deals with the preliminary proceedings in criminal law.

more specific law will control. See Economy Oil Corporation v. Indiana Department of Revenue, 321 N.E.2d 215, 218 (Ind. Ct. App. 1974). As the De Novo Rules address ordinances specifically, and the statute addresses civil cases generally, the De Novo Rules, which are propagated by our Supreme Court, which also entitled them to preference in event of conflict of law, must control.

(Appellant's App. Vol. II, p. 4). On June 29, 2018, Hammond filed a motion to correct error which the Superior Court denied without a hearing on July 11, 2018.

[6] Hammond now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[7] Hammond contends that the Superior Court erred when it dismissed its appeal for lack of subject matter jurisdiction. Implicitly no longer pursuing an appeal *de novo*, Hammond maintains that, as an issue of first impression, Ind. Code section 33-35-5-10 remains a valid procedural avenue to appeal an adverse civil judgment.

[8] The standard of review applicable to a court's grant or denial of a motion to dismiss pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court. *Outboard Boating Club of Evansville, Inc. v. Ind. State Dept. of Health*, 952 N.E.2d 340, 343 (Ind. Ct. App. 2011), *trans. denied*. Where, as here, the relevant facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion. *Id.*

[9]     Pursuant to Ind. Code section 33-35-2-3, a city court has "jurisdiction of all violations of the ordinances of the city." An appeal from a city or town court acting in accordance with its jurisdictional power enumerated in I.C. § 33-35-2-3 is statutorily governed by I.C. § 33-35-5-9(a), which stipulates that "an appeal from a judgment of a city court may be taken to the circuit, superior, or probate court of the county and tried *de novo*." Our supreme court has promulgated the Indiana Trial *De Novo* rules which specifically govern the procedural requirements after a party has elected a Trial *De Novo* appeal as permitted by statute. Indiana Trial *De Novo* Rule 2(A) addresses the *de novo* procedure following a judgment of ordinance violation in City Court as follows:

> (1) A defendant who has a statutory right to an appeal after a trial for an infraction or ordinance violation in a city or town court may request and shall receive the trial *de novo* as provided in this rule.

> (2) A city or town court defendant who admitted committing an infraction or ordinance violation and therefore had no trial in city or town court may request as provided in this rule that the circuit or superior court either:

>> (a) Permit the defendant to withdraw the admission and have a trial *de novo*; or

>> (b) Provide a trial *de novo* on the sanctions.

[10]    Accordingly, although at first glance I.C. § 33-35-5-9 permits Hammond to appeal the adverse judgment to the Superior Court and try the Complaint *de novo*, Indiana's procedural *De Novo* rules explicitly advance this right only to 'a

defendant.'  As Hammond was not the defendant, but rather the plaintiff, before the City Court, it cannot avail itself of the permissive right of an appeal *de novo* before the Superior Court pursuant to I.C. § 33-35-5-9.

[11] Focusing on I.C. § 33-35-5-10, Hammond posits that the statute grants it a "non-*de novo*" appellate review of a civil action originating in the City Court. (Appellant's Br. p. 11).  Indiana Code section 33-35-5-10 provides, in pertinent part:

> (a) A party in a civil action who desires to take an appeal from the city court of the three (3) cities having the largest populations in a county having a population of more than four hundred thousand (400,000) but less than seven hundred thousand (700,000) shall file a bond, to the approval of the city court, within thirty (30) days after the date of rendition of final judgment, and the motion to correct errors within ten (10) days after the rendition of final judgment.  The transcript and motion shall be filed in the court to which the appeal is taken within thirty (30) days after the motion has been signed by the court.

> (b) All errors saved shall be reviewed as far as justice warrants, and for that purpose, a complete transcript of all the evidence is not required.  An error occurring during the trial, not excepted to at the time, may be made available upon appeal by setting it forth in a motion for a new trial. . . .

Hammond complied with the procedural standing requirements to proceed under the statute.  It provided population statistics, tendered a bond approved by the City Court, and timely filed the transcript and motion with the Superior Court.

[12] Quoting *Economy Oil Corporation* for its proposition that the specific law of the Indiana *De Novo* Rules controlled over the more general statute, the Superior Court dismissed Hammond's appeal for lack of subject matter jurisdiction. We disagree. While I.C. § 33-35-5-9, in combination with Indiana Trial *De Novo* Rule 2, limits an appeal from a judgment of a City Court to a *De Novo* trial for defendants only, no such limitations are incorporated in I.C. § 33-35-5-10. Rather, after satisfying the procedural standing requirements, "a party in a civil action" can have its "errors reviewed" by "the court to which the appeal is taken." I.C. § 33-35-5-10. As a violation of a zoning ordinance is undeniably civil in nature, and Hammond satisfied the procedural prerequisites of population, bond, and transcript, Hammond is statutorily allowed to proceed with its appeal before the Superior Court.

[13] Even though both statutes at issue—I.C. § 33-35-5-9 and I.C. § 33-35-5-10— relate to the same general subject matter, and thus are in *pari materi*, the statutes can be construed together to produce an harmonious system. *See Econ. Oil Corp.*, 321 N.E.2d at 218. Specifically, both statutes govern the appeals of city courts; however, where I.C. § 33-35-5-9 focuses on *De Novo* appeals and is further limited by the Indiana *De Novo* Trial Rules promulgated by our supreme court, I.C. § 33-35-5-10, on the other hand, focuses on regular—non-*De Novo*— civil appeals from qualifying city courts. Thus, although the same general subject matter is covered by both statutes, their individual focus and requirements are different and therefore do not encroach but rather can be harmonized. *See Econ Oil Corp.*, 321 N.E.2d at 218 (When two statutes on the

same subject must be construed together, the court should attempt to give effect to both). Deciding otherwise, and precluding Hammond to avail itself of an appellate avenue under I.C. § 33-35-5-10—as urged by Rostankovski—would leave Hammond without any remedy for relief from a presumedly erroneous negative judgment. Accordingly, we reverse the Superior Court's Order and remand for further proceedings.

## CONCLUSION

Based on the foregoing, we conclude that the Superior Court erred by dismissing Hammond's appeal for lack of subject matter jurisdiction.

Reversed and remanded for further proceedings.

Kirsch, J. and Robb, J. concur